# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CINDY SELONDIEU, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>SOLOMON & SOLOMON, P.C. AND )<br>LVNV FUNDING LLC )<br>)<br>    Defendants )<br>) | **COMPLAINT**<br><br>C.A. No. 20-11912 |

## Introduction

1. This is an action brought by an individual consumer for unfair and deceptive debt collection practices. Defendants have violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and M.G.L. c. 93A.

## Parties

2. Plaintiff, Cindy Selondieu ("Ms. Selondieu"), is an individual who presently resides in Jamaica Plain, MA 02130.

3. Defendant, Solomon & Solomon, P.C. ("Solomon") is a debt collector as defined by the FDCPA with a principal place of business at 1 Columbia Circle, Albany, NY 12203.

4. Defendant LVNV Funding LLC ("LVNV") is a debt collector as defined by the FDCPA with a principal place of business at 6801 S. Cimarron Road, Suite 424-J, Las Vegas, NV 89113.

**Jurisdiction and Venue**

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C §§1331 and 1367, and 15 U.S.C. §1692k(d). Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Ms. Selondieu's claims occurred here.

**Facts**

6. From August 2019 to July 2020, Ms. Selondieu lived at 10 Brinton Street in the Roxbury neighborhood of Boston.

7. According to Massachusetts law this address falls within the jurisdiction of the Roxbury District Court ("BMC Roxbury). *See* M.G.L. c. 218, § 1.

8. On November 25, 2019, Solomon filed a small claims action against Ms. Selondieu (docket number 1901SC001731) in the Boston Municipal Court Central Division ("BMC Central") located in downtown Boston at the Edward Brooke Courthouse, 24 New Chardon Street, Boston, MA 02114.

9. Solomon filed the small claims action on behalf of its client, LVNV Funding, LLC ("LVNV"), claiming that Ms. Selondieu owed LVNV $1,627.58 for an unpaid credit card debt.

10. In the Statement of Small Claim, Solomon incorrectly listed Ms. Selondieu's address as 25 Rugby Road, #2, Mattapan, MA 02126.

11. According to Massachusetts law this address falls within the jurisdiction of the Dorchester District Court ("BMC Dorchester"). *See* M.G.L. c. 218, § 1.

12. Ms. Selondieu had not lived at the 25 Rugby Road address since August 2019.

13. On February 20, 2020, Ms. Selondieu took an Uber from her home in Roxbury to the Edward Brooke Courthouse located downtown for the small claims trial, costing her $8.56.

14. The closest courthouse to Ms. Selondieu's Roxbury address is the BMC Roxbury, which is approximately one mile from 10 Brinton Street.

15. BMC Roxbury was the court with jurisdiction over Ms. Selondieu at the time the small claims action was filed in November 2019.

16. If Solomon had sued Ms. Selondieu at the BMC Roxbury, Ms. Selondieu would not have incurred damages for an Uber ride to the inconvenient and unfamiliar BMC Central court.

17. Ms. Selondieu had not been to the downtown Edward Brooke Courthouse since she was a teenager and returning for the small claims case caused her stress and inconvenience. Conversely, she had been to the BMC Roxbury two separate times during the last decade. As a result, the BMC Roxbury was not only far closer to her home, but the actual courthouse and surrounding area are more familiar to her.

18. On February 20, 2020, the court held a small claims magistrate hearing and subsequently entered a judgment in favor of Ms. Selondieu.

19. The separate BMC divisions are separate judicial districts for venue purposes. *Harrington v. CACV, LLC*, 508 F. Supp. 2d 128, 133 (D. Mass. 2007) (Massachusetts district courts are considered separate judicial districts); *Suesz v. Med-1 Sols., LLC*, 757 F.3d 636, 638 (7th Cir. 2014) ("The relevant judicial district or similar legal entity is the smallest geographic unit relevant for venue purposes in the court system in which the case was filed").

20. The official website for the Boston Municipal Court clearly lays out the territory for each division and expressly refers to the different divisions of the Boston Municipal Court as "judicial districts." A true and accurate copy of the relevant portions of the website is attached as Exhibit A. Boston Municipal Court Department Forms and Resources, Jurisdiction of the Boston Municipal Court, https://www.mass.gov/info-details/jurisdiction-of-the-boston-municipal-court#territorial-jurisdiction-(judicial-districts)- (last updated Dec. 31, 2019).

21. Pursuant to the Massachusetts District Court jurisdiction statute, M.G.L. c. 218, §1, "the central division of the Boston municipal court department, held at Boston; [covers] wards 6, 7, 8, 9, 10, 11, 12, 16, 17 and 18 of Boston **as they existed on February 1, 1882**" (emphasis added).

22. Plaintiff's former address of 25 Rugby Rd. #2, Mattapan, Massachusetts 02126 falls within Ward 18 as it exists today, but not as Ward 18 existed as of February 1, 1882. In 1882, Ward 18 covered several neighborhoods in Boston's South End neighborhood. This is not remotely close to the current location of 25 Rugby Rd. in Mattapan.

23. The current location of 25 Rugby Rd. falls within the boundaries of Ward 24 as it existed in 1882 and per M.G.L. c. 218, §1, is within the jurisdiction of the BMC Dorchester.

24. At the time of the filing of the small claims action, Ms. Selondieu lived at 10 Brinton Street, Roxbury, Massachusetts 02119. This address is within the jurisdiction of the BMC Roxbury because it is located in the area of wards 19-22 as they existed in 1882.

25. Ms. Selondieu did not live within the jurisdiction of BMC Central at the time she allegedly entered into the credit card agreement at issue in the small claims matter (and in fact disputes ever entering into such an agreement).

26. A full list of all Streets and Locations Within the Judicial District of BMC Central ("street list") is publicly available at the BMC Central Clerk's Office upon request. A true and accurate copy is attached as Exhibit B.

27. Neither Rugby Road nor Brinton Street are included in this list.

28. As debt collectors that frequently use the different Boston small claims courts to sue consumers, Defendants LVNV and Solomon should be familiar with the different Boston Municipal Court street lists and the territorial jurisdiction information on the official website for the Boston Municipal Court.

29. On March 27, 2020, Ms. Selondieu, through counsel, sent a written demand for relief ("demand letter") to LVNV and Solomon, pursuant to M.G.L. c. 93A, §9.

30. The demand letter stated that LVNV and Solomon sued Ms. Selondieu in the wrong venue as that term is defined by the FDCPA, 15 U.S.C. §1692i, and sought damages under the FDCPA and M.G.L. c. 93A.

31. On April 17, 2020, Solomon responded to the demand letter claiming that venue was proper in the BMC Central Division and refusing to make a reasonable settlement offer.

32. LVNV did not respond to the demand letter.

33. As a result of the actions of Defendants Plaintiff has suffered damages including, but not limited to, transportation costs, additional time spent traveling to an

inconvenient court, and stress as a result of appearing in a courthouse she was unfamiliar with.

## COUNT I: VIOLATION OF THE FDCPA, 15 U.S.C. §1692i

34. Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

35. Solomon is a debt collector pursuant to 15 U.S.C. §1692a.

36. LVNV is a debt collector pursuant to 15 U.S.C. §1692a.

37. The alleged debt at issue is a consumer debt pursuant to 15 U.S.C. §1692a.

38. As detailed above, Solomon and LVNV have violated 15 U.S.C. §1692i by bringing a legal action against Ms. Selondieu in a judicial district where Ms. Selondieu did not live at the commencement of the action and where she did not sign a contract sued upon.

39. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff in the sum of her actual damages, statutory damages, costs, and attorney's fees.

## COUNT II: VIOLATION OF M.G.L. c. 93A

40. Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

41. A violation of the FDCPA is a *per se* violation of c. 93A.

42. Solomon and LVNV violated c. 93A by violating the FDCPA as set forth above.

43. The conduct of Solomon and LVNV was willful or knowing within the meaning of M.G.L. c. 93A, §2.

44. Ms. Selondieu has suffered actual damages because of Defendants' conduct including actual damages, attorney's fees, and costs.

45. Defendants' refusal to grant relief upon demand was in bad faith, with knowledge or reason to know that the acts or practices complained of violated c. 93A, §2.

46. As a result of the above violations of state law, the Defendants are liable to the Plaintiff in the sum of the Plaintiff's actual damages, doubled or trebled, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant in the amount of:

    (a) actual damages, doubled or trebled pursuant to M.G.L. c. 93A;

    (b) actual damages pursuant to 15 U.S.C. §1692k;

    (c) statutory damages pursuant to 15 U.S.C. §1692k;

    (d) statutory damages pursuant to M.G.L. c. 93A, §9;

    (e) costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and M.G.L. c. 93A, §9; and

    (f) for such other and further relief as may be just and proper.

**Jury Demand**

Plaintiff demands trial by jury.

    Respectfully submitted,
    CINDY SELONDIEU

    By her attorneys:

/s/ Elizabeth A. Miller
Elizabeth A. Miller
Attorney at Law
BBO #559347
176 Federal Street, 5th Floor
Boston, MA 02110
Telephone: (617) 478-4914
elizabethamiller@comcast.net

/s/ Colin M. Harnsgate
Colin Harnsgate
BBO #696453
Volunteer Lawyers Project
7 Winthrop Square, 2nd Floor
Boston, MA 02110
Telephone: (857) 320-6458
charnsgate@vlpnet.org

Date:  October 23, 2020